# EXHIBIT C

# EXHIBIT C

Electronically Filed
4/29/2021 4:36 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
TRACEE DUTHIE, ESQ.
Nevada Bar No. 8795
THE702FIRM
INJURY ATTORNEYS
400 S. 7th Street, Suite 400
Las Vegas, Nevada 89101
Telephone:   (702) 776-3333
Facsimile:    (702) 505-9787
Service:       service@the702firm.com
E-Mail:        tracee@the702firm.com
Attorneys for Plaintiff

CASE NO: A-21-833805-C
Department 29

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MICHAEL MACKENZIE,

    Plaintiff,

vs.

IKEA US RETAIL, LLC., fka IKEA U.S. WEST, INC.; DOE EMPLOYEE I; DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive.

    Defendants.

Case No. :
Dept. No.:

**COMPLAINT**

Plaintiff MICHAEL MACKENZIE, by and through his attorneys of record MICHAEL C. KANE, ESQ., BRADLEY J. MYERS, ESQ., and TRACEE DUTHIE, ESQ., of THE702FIRM INJURY ATTORNEYS, and for his Complaint against the Defendants, states, asserts and alleges as follows:

**JURISDICTION**

1.    The Eighth Judicial District Court has jurisdiction of this civil tort claim for relief pursuant to NRCP 8(a)(4), NRS 13.040 and NRS 41.130 as the occurrence giving rise to this matter took place in Clark County, Nevada and the amount in controversy exceeds $15,000.

THE702FIRM
ATTORNEYS AT LAW
400 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

1

Case Number: A-21-833805-C

## GENERAL ALLEGATIONS

2. Plaintiff MICHAEL MACKENZIE ("Plaintiff") is and was at all times relevant to these proceedings, a resident of Clark County, State of Nevada.

3. Upon information and belief, Defendant IKEA US RETAIL, LLC., fka IKEA U.S. WEST, INC. ("Defendant or "IKEA") is and was at all times relevant herein a Nevada Corporation duly authorized, conducting business in and domiciled in Clark County, State of Nevada.

4. Upon information and belief, Defendant DOE EMPLOYEE I ("Defendant Doe Employee") is and was at all times relevant herein a resident of Clark County, State of Nevada.

5. Defendants DOES I through X and ROE CORPORATIONS I through X are persons and/or entities whose true identity is unknown to Plaintiff and therefore sues said Defendants by fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES I through X and ROE CORPORATIONS I through X were, at all times mentioned in this Complaint, persons and/or entities who managed, controlled, maintained, inspected and/or operated the shower/tub floor area at issue in this Complaint. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants and, when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

6. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES I through X and ROE CORPORATIONS I through X are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiffs as herein alleged. The legal responsibility of said Defendant DOES I through X and ROE CORPORATIONS I through X arises out of, but is not limited to, their status as owners and/or their maintenance and/or entrustment and/or construction of the premises which Defendants, and each of them, were operating at the time of the subject injury, and/or their agency, master/servant or joint venture relationship with said Defendant. Plaintiff will ask leave of this

Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants and, when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

7. On or about June 21, 2019, Plaintiff was an invitee, guest, patron and/or costumer at Defendant Ikea's store, believed to be located at 6500 Ikea Way, Las Vegas, Nevada 89148.

8. While Plaintiff was shopping in Defendant's store, in the self-service section, he proceeded to load a Kivik box 2.

9. While retrieving the Kivik box 2, an unsecured Kivik Box 1 fell, striking Plaintiff in the head.

10. Defendant Ikea personal arrived and advised that the Kivik Box 1 that fell was not properly stacked and secured.

11. As a direct and proximate result of Defendant Ikea's breach of duty of care, Plaintiff sustained personal injuries and damages.

## FIRST CLAIM FOR RELIEF
*(Negligence, Respondeat Superior)*

12. Plaintiff repeats and realleges the allegations above as though fully set forth herein.

13. On or about June 21, 2019, Defendant Ikea and/or by and through its Defendant Doe Employee had a duty ensure that merchandise ("dangerous condition") in the self-service area was properly secured and safely stored before allowing invitees, guests, patrons and/or costumers on its land, property and/or premises.

14. On or about June 21, 2019, Defendant Ikea and/or by and through its Defendant Doe Employee had a duty to warn its invitees, guests, patrons and/or costumers of a dangerous condition before allowing them on its land, property and/or premises.

15. On or about June 21, 2019, Defendant Ikea and/or by and through its Defendant Doe Employee breached their duty of care to ensure that the dangerous conditions in the self-

service area was properly secured and safely stored before allowing invitees, guests, patrons and/or costumers on its land, property and/or premises.

16. On or about June 21, 2019, Defendant Ikea and/or by and through its Defendant Doe Employee breached their duty of care to warn its invitees, guests, patrons and/or costumers of the dangerous condition.

17. As a direct and proximate result of Defendant Ikea and/or by and through its Defendant Doe Employee's breach of their duty of care, Plaintiff sustained personal injuries and damages as alleged herein

18. Pursuant to N.R.S. 41.130, Defendant Ikea is vicariously liable for the damages caused by their employee's actions and negligence, further encompassing the actions of those hired by Defendant Ikea to maintain, store and secure the merchandise and premises.

19. Pursuant to Doctrine of Respondeat Superior, Defendant Ikea is responsible for the conduct of Defendant Doe Employee, agents, independent contractors and/or representatives who was/were within the course and scope of their employment when they breached their duty of care and/or violated the duty of care designed for the protection of the Plaintiff.

20. As a direct and proximate result of the allegations as set forth in this Complaint, Plaintiff sustained injuries to his neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to his general damages, in excess of Fifteen Thousand Dollars ($15,000).

21. As a direct and proximate result of the allegations as set forth in this Complaint, Plaintiff was required to and did receive medical and other treatment for his injuries, in excess of Fifteen Thousand Dollars ($15,000). Said services, care and treatment are continuing and shall continue into the future at a presently unknown amount.

22. As a direct and proximate result of the allegations as set forth in this Complaint, Plaintiff sustained an aggravation and/or an exacerbation to his pre-existing injuries in his neck,

back, bodily limbs, organs, and systems all or some of which conditions which may now be permanent and disabling in nature, all to his general damages, in excess of Fifteen Thousand Dollars ($15,000).

23. As a direct and proximate result of the allegations as set forth in this Complaint, Plaintiff was required to and did receive medical and other treatment for the aggravation and/or an exacerbation of his pre-existing injuries in excess of Fifteen Thousand Dollars ($15,000) and will continue to need medical care and treatment at a presently unknown amount.

24. As a direct and proximate result of the allegations as set forth in this Complaint, Plaintiff sustained past wage losses in excess of Fifteen Thousand Dollars ($15,000) and will continue to suffer future wage losses at a presently unknown amount.

25. Due to his injuries, Plaintiff has sustained past pain, suffering and loss of enjoyment of life in excess of Fifteen Thousand Dollars ($15,000) and will continue to suffer pain, suffering and loss of enjoyment of life at a presently unknown amount

26. Plaintiff has been compelled to retain the services of an attorney to prosecute his claims for relief and is therefore entitled to reasonable attorney's fees, costs and expenses incurred in the prosecution of this complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment on all claims for relief against the Defendants, and each of them, as follows:

1. General Damages for Plaintiff's pain, suffering, disfigurement, emotional distress, shock, loss of enjoyment of life, and agony in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2. Special Damages for Plaintiff's medical expenses in an amount excess of Fifteen Thousand Dollars ($15,000.00);

3. For Compensatory Damages in an amount in excess of Fifteen Thousand Dollars

THE702FIRM
ATTORNEYS AT LAW
400 S. Seventh Street, Suite 400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

($15,000.00);

4. Costs and expenses of the lawsuit incurred, including reasonable attorneys' fees; and

5. For such other relief as the Court deems just and proper.

DATED this 27th day of April 2021.

**THE702FIRM**
**INJURY ATTORNEYS**

*/s/ Tracee Duthie, Esq.*
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
TRACEE DUTHIE, ESQ.
Nevada Bar No. 8795
400 S. 7th Street, Suite 400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys of record, THE702FIRM INJURY ATTORNEYS, hereby Demands a jury trial of all of the issues in the above matter.

DATED: 27th April 2021.

**THE702FIRM
INJURY ATTORNEYS**

*/s/ Tracee Duthie, Esq.*

---

MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
TRACEE DUTHIE, ESQ.
Nevada Bar No. 8795
400 S. 7th Street, Suite 400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

Electronically Filed
9/13/2021 12:39 PM
Steven D. Grierson
CLERK OF THE COURT

Job # 14393

# AFFIDAVIT OF SERVICE

**Client Info:**
The 702 Firm
400 S. 7th Street
Suite 400
Las Vegas, NV 89101

**Case Info:**
**PLAINTIFF:**
MICHAEL MACKENZIE,
-versus-
**DEFENDANT:**
IKEA US RETAIL, LLC., fka IKEA U.S. WEST, INC.; DOE EMPLOYEE I; DOES I through X, Inclusive and ROE CORPORATIONS I through X, Inclusive,

District Court
Court Division: Dept. No.: 9
County of Clark, Nevada

Issuance Date: 8/9/2021   Court Case # A-21-833805-C

**Service Info:**
Date Received: 8/9/2021 at 02:07 PM
Service: I Served **IKEA US RETAIL, LLC., fka IKEA U.S. WEST, INC**
With: **SUMMONS – CIVIL; COMPLAINT**
by leaving with **Danielle Naki, ADMINISTRATIVE ASSISTANT**

At Business RA - **C T CORPORATION SYSTEM, 701 S CARSON ST STE 200, CARSON CITY, NV 89701**
Latitude: **39.159783**,   Longitude: **-119.766587**

On **8/10/2021** at **11:32 AM**
Manner of Service: **CORPORATE**
SERVICE: was performed by delivering a true copy of this **SUMMONS – CIVIL; COMPLAINT** to: Danielle Naki, ADMINISTRATIVE ASSISTANT at the address of: RA - C T CORPORATION SYSTEM, 701 S CARSON ST STE 200, Carson City, NV 89701 with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

I **Jon Salisbury**, acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above, action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server:
**Jon Salisbury**
Lic # **2100C**
**LV Process and Investigations, LLC**
License #2039
10829 Whipple Crest Ave.
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **14393**

SUBSCRIBED AND SWORN to before me this ___ day of August, 2021 by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-08-23
Certificate No: 15-3221-2




1 of 1

## Case Information

A-21-833805-C | Michael Mackenzie, Plaintiff(s) vs. Ikea US Retail LLC, Defendant(s)

| Case Number | Court | Judicial Officer |
|---|---|---|
| A-21-833805-C | Department 4 | Krall, Nadia |
| File Date | Case Type | Case Status |
| 04/29/2021 | Negligence - Premises Liability | Open |

## Party

Plaintiff
Mackenzie, Michael

Active Attorneys ▼
Attorney
Myers, Bradley J.
Retained

Attorney
Kane, Michael C
Retained

Lead Attorney
Duthie, Tracee
Retained

Defendant
Ikea US Retail LLC

  Aliases
  *FKA* Ikea U S West Inc

Active Attorneys ▼
Lead Attorney
Olson, James R.
Retained

Attorney
Zinna, Stephanie M
Retained

## Events and Hearings

04/29/2021 Complaint ▼

Complaint - COMP (CIV)

Comment
[1] Complaint

04/29/2021 Initial Appearance Fee Disclosure ▼

Initial Appearance Fee Disclosure - IAFD (CIV)

Comment
[2] Plaintiff's Initial Appearance Fee Disclosure

04/29/2021 Summons Electronically Issued - Service Pending ▼

Comment
[3] Summons_IKEA

09/01/2021 Answer ▼

Answer - ANS (CIV)

Comment
[4] Defendant's Answer to Plaintiff's Complaint

09/01/2021 Demand for Jury Trial ▼

Demand for Jury Trial - DMJT (CIV)

Comment
[5] Demand for Jury Trial

09/01/2021 Initial Appearance Fee Disclosure ▼

Initial Appearance Fee Disclosure - IAFD (CIV)

Comment
[6] Initial Appearance Fee Disclosure

09/02/2021 Notice of Department Reassignment ▼

Notice of Department Reassignment - NODR (CIV)

Comment
[7] Notice of Department Reassignment

09/13/2021 Affidavit of Service ▼

Affidavit of Service - AOS (CIV)

Comment
[8] Affidavit of Service

09/28/2021 Request for Exemption From Arbitration ▼

ADR - Request for Exemption From Arbitration - ABREA (CIV)

Comment
[9] Plaintiff's Request for Exemption from Arbitration

10/11/2021 Commissioners Decision on Request for Exemption - Granted ▼

ADR - Commissioner's Decision on Request for Exemption - Granted - CDRG (CIV)

Comment
[10] Commissioner's Decision on Request for Exemption - GRANTED

10/25/2021 Affidavit of Service ▼

Affidavit of Service - AOS (CIV)

Comment
[11] Affidavit of Service_IKEA

## Financial

Mackenzie, Michael
Total Financial Assessment                $270.00
Total Payments and Credits                $270.00

| Date | Description | Receipt | Party | Amount |
|---|---|---|---|---|
| 4/30/2021 | Transaction Assessment | | | $270.00 |
| 4/30/2021 | Efile Payment | Receipt # 2021-26764-CCCLK | Mackenzie, Michael | ($270.00) |

Ikea US Retail LLC

| | | |
|---|---|---|
| Total Financial Assessment | | $223.00 |
| Total Payments and Credits | | $223.00 |

| Date | Description | Receipt | Party | Amount |
|---|---|---|---|---|
| 9/1/2021 | Transaction Assessment | | | $223.00 |
| 9/1/2021 | Efile Payment | Receipt # 2021-54653-CCCLK | Ikea US Retail LLC | ($223.00) |

## Documents

Complaint - COMP (CIV)

Initial Appearance Fee Disclosure - IAFD (CIV)

Answer - ANS (CIV)

Demand for Jury Trial - DMJT (CIV)

Initial Appearance Fee Disclosure - IAFD (CIV)

Notice of Department Reassignment - NODR (CIV)

Affidavit of Service - AOS (CIV)

ADR - Request for Exemption From Arbitration - ABREA (CIV)

ADR - Commissioner's Decision on Request for Exemption - Granted - CDRG (CIV)

Affidavit of Service - AOS (CIV)