UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MACKENZIE,<br>     Plaintiff,<br>v.<br>IKEA US RETAIL, LLC, et al.,<br>     Defendants. | Case No.: 2:21-cv-02097-JCM-NJK<br><br>**ORDER**<br><br>[Docket No. 18] |

Pending before the Court is the parties' stipulation to extend certain discovery deadlines. Docket No. 18. The parties seek a 60-day extension of the discovery cut-off deadline, the dispositive motions deadline, and the date for the submission of the joint pretrial order. *Id.* at 2.

A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery. Local Rule 26-3. The request must also be supported by a showing of good cause. *Id.* The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the request is being made after the expiration of a subject deadline, a showing of excusable neglect is also required. Local Rule 26-3.

The parties submit that an extension is warranted because of scheduling problems with both witnesses and parties and that excusable neglect exists because "defense counsel fell ill and was out of the office for recovery." Docket No. 18 at 2. Without more specific information, the Court is unable to assess whether good cause exists to support an extension of the discovery deadlines. Accordingly, the parties' stipulation, Docket No. 18, is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: May 25, 2022

_____
Nancy J. Koppe
United States Magistrate Judge