MICHAEL C. KANE. ESQ.
Nevada Bar No.: 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No.: 8857
ZACHARY W. LIVINGSTON, ESQ.
Nevada Bar No.: 15954
**THE702FIRM INJURY ATTORNEYS**
400 S. 7th Street, 4th Floor
Las Vegas, Nevada 89101
Telephone:      (702) 776-3333
Facsimile:      (702) 505-9787
***Email:***        *service@the702firm.com*
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MACKENZIE, | Case No. :      2:21-cv-2097-JCM-NJK |
| Plaintiff, | **JOINT PRE-TRIAL ORDER** |
| vs. | |
| IKEA US RETAIL, LLC., fka IKEA U.S. WEST, INC.; DOE EMPLOYEE I; DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive. | |
| Defendants. | |

After pretrial proceedings in this case,

**IT IS ORDERED:**

## I.   INTRODUCTION

1.     This is a premise case resulting from an incident that occurred on or about June 21, 2019. Plaintiff, MICHAEL MACKENZIE was at Defendant IKEA's premises, as an invitee of Defendants, where he was shopping and proceeded to load a Kivik box 2. While retrieving the Kivik box 2, he alleges that an unsecured Kivik Box 1 fell, striking Plaintiff in the head. Plaintiff alleges the Kivik Box 1 was not properly secured and caused serious injuries to Plaintiff.

2.     Defendant denies the claims of 1) negligence. Defendant has offered additional affirmative defenses as part of its pleadings in this action, and Defendant reserves the right to rely on the

pleadings on file in this action to articulate its contentions in this case.

## II. STATEMENT OF JURISDICTION:

This action was originated by the filing of a Complaint in the District Court, Clark County, Nevada on April 27, 2021. Defendants Answered the Complaint on September 1, 2021 and removed the case from State Court to Federal Court on November 23, 2021, citing diversity between the parties and that this Court has jurisdiction of the matter under 28 U.S.C. § 1332, 1441 and 1446.

## III. THE FOLOWING FACTS ARE ADMITTED BY THE PARITES AND REQUIRE NO PROOF:

None.

## IV. THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILLNOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY:

None.

## V. THE FOLLOWING ARE ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL:

The following facts are admitted by the parties and require no proof:  None at this time. The following are issues of fact to be tried and determined at trial:

**PLAINTIFF:**

    1.    Whether Defendant knew or should have known that the subject boxes were stacked in an unsafe and unsecure manner;

    2.    Whether Defendant failed to properly warn Plaintiff of the danger of the subject boxes;

    3.    Whether Plaintiff sustained Injuries as a result of the subject incident; and

    4.    Defendant's choice of using a self-serve mode of operation.

**DEFENDANT:**

1.      Whether Defendant was negligent at the time of the incident which forms the basis of this litigation.

2.      Whether Defendant was negligent in the operation of conducting business at the time of the incident which forms the basis of this litigation

## VI.  THE FOLLOWING ARE ISSUES OF LAW TO BE TRIED AND DETERMINED AT TRIAL:

1.      Whether Defendant breached its duty of care owed to Plaintiff as an invitee or patron of its establishment by failing to stack merchandise properly and securely in in the self-serve furniture warehouse of its premises;

2.      Whether Defendant failed to adequately hire, train, and supervise its employees in safely stacking and securing merchandise in the self-serve furniture warehouse of its premises;

3.      Defendant's choice of using a self-serve mode of operation;

4.      Whether Defendant's breach caused any damages to Plaintiff; and

5.      The nature, extent and value of Plaintiff's accident-related damages, including without limitation, the expenses of past medical treatment, past lost wages, past pain and suffering, and future pain and suffering.

6.      The issues of law raised in the parties' anticipated Motions in Limine.

7.      Whether Defendant was negligent at the time of the incident which forms the basis of this litigation.

8.      Whether Defendant failed to adequately hire, train, and supervise its employees in safely stacking and securing merchandise in the self-serve furniture warehouse of its premises;

9.      Whether such negligence, if any, was a proximate cause of Plaintiff's alleged injuries and alleged damages.

10.     Whether Plaintiff was comparatively negligent at the time of the incident which forms the basis of this litigation.

11.     Whether the comparative negligence of Plaintiff, if any, was a proximate cause of Plaintiff's alleged injuries and alleged damages.

12.     Whether the comparative negligence of Plaintiff, if any, is greater than the negligence of the Defendant, if any.

13.     Whether any risks and dangers involved in the factual situation set forth in the Complaint, if any, were open and obvious to Plaintiff.

14.     Whether Plaintiff was involved in a prior accident or other form of traumatic event.

15.     Whether any prior accident or other form of traumatic event involving Plaintiff, if any, caused the injuries of which he complains in this litigation.

16.     Whether the occurrence which is the subject matter of this action was avoidable.

17.     Whether the occurrence which is the subject matter of this action was caused in whole or in part by the actions of a third party, outside of the control of any party to this litigation.

18.     Whether the occurrence which is the subject matter of this action was caused in whole or in part by the negligence of a third party, outside of the control of any party to this litigation.

19.     The percentage of reduction for the amount of damages that is commensurate with the comparative negligence, in any, of Plaintiff.

20.     Whether Plaintiff suffered injuries resulting from the incident which forms the basis of this litigation.

21.     Whether Plaintiff suffered monetary damages in the form of past medical expenses stemming from alleged injuries resulting from the incident which forms the basis of this litigation.

22. The amount of monetary damages in the form of past medical expenses, if any, Plaintiff suffered from alleged injuries as a proximate result of this accident.

23. Whether Plaintiff will continue to suffer monetary damages in the future in the form of medical expenses stemming from alleged injuries resulting from the incident which forms the basis of this litigation.

24. The amount of monetary damages in the form of future medical expenses, if any, Plaintiff will suffer from alleged injuries as a proximate result of this accident.

25. Whether Plaintiff suffered injuries to his body, including, but not limited to his spine resulting from the incident which forms the basis of this litigation.

26. Whether Plaintiff suffered monetary damages in the form of past medical expenses stemming from alleged injuries resulting from the incident which forms the basis of this litigation.

27. The amount of monetary damages in the form of past medical expenses, if any, Plaintiff suffered from alleged injuries as a proximate result of this accident.

28. Whether Plaintiff will continue to suffer monetary damages in the future in the form of medical expenses stemming from injuries allegedly resulting from the incident which forms the basis of this litigation.

29. The amount of monetary damages in the form of future medical expenses, if any, Plaintiff will suffer from injuries as a proximate result of this accident.

30. Whether Plaintiff failed to mitigate his damages.

31. Whether Plaintiff suffered from any pre-existing injuries and problems in his body at the time of the incident which forms the basis of this litigation.

32. Whether Plaintiff's medical costs for treatment derived from unreasonable or unnecessary treatment.

33.    Whether Plaintiff's medical costs for treatment were usual and customary in the

Las Vegas community.

34.    Whether Plaintiff's medical costs for treatment to his head were presented

solely to improperly attempt to increase the value of this case.

35.    Whether Plaintiff's alleged injuries were the result of a superseding intervening

cause.

36.    Whether Plaintiff suffered from any pre-existing injuries and problems at the time

of the incident which forms the basis of this litigation.

37.    Such evidentiary and procedural issues which may arise during the trial of this

action.

38.    Any remaining issues which may be brought before the Court after rulings on

Motions in Limine.

**VII.    EXHIBITS**

The undersigned parties are continuing to refine their joint exhibit list to avoid duplication and to stipulate as feasible.   The parties currently reserve any objections as to foundation and admissibility.

(a)    The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

NONE.

(b)    As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

The following exhibits, though not agreed as admissible evidence in this case, are subject to be used by the parties.

/ / /

/ / /

/ / /

**The Parties intend to offer into evidence in this case the following exhibits:**

**No.:**   <u>**Plaintiff's Exhibits:**</u>

| Exhibit | Description | Defendants' Objections |
|---|---|---|
| 1. | Quest Diagnostics medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 2. | Legacy Urgent Care medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 3. | Tim Soder Physical Therapy medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |

| | | |
|---|---|---|
| 4. | QHR Pharmacy billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 5. | Innovative Pain Care Center medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 6. | Las Vegas Radiology, FILMS, medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 7. | Kelly Hawkins medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible |

| | | | |
|---|---|---|---|
| | | | for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 8. | | Sahara Surgery Center medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 9. | | Western Regional Center for Brain and Spine Surgery records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 10. | | Las Vegas Neurosurgical Institute medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents |

| | | | |
|---|---|---|---|
| 1 | | | are excluded by any motion in limine. |
| 2 | 11. | Pueblo Medical Imaging FILMS, medical records and billing statement. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 10 | 12. | Desert Radiology FILMS, medical and billing records. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the and/or Federal statutory Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 18 | 13. | Ikea Incident Report | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 26 | 14. | Eight (8) Colored Photographs of the Incident Scene | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative |

| | | | |
|---|---|---|---|
| | | | of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 15. | | Four (4) Colored Photographs of Plaintiff's Suction Treatment | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 16. | | Three (3) Colored Photographs of the Opposite Aisle of the Incident Scene | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 17. | | IKEA Training Materials | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. |

| | | | Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
|---|---|---|---|
| 18. | IKEA Warehouse Manual | | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 19. | IKEA Timecard Audit Trail | | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 20. | IKEA Service Agreement Summary for Housekeeping & Additional Services – US | | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 21. | Self-Serve Warehouse and Markethall Assessments | | inadmissible, lack foundation, is/are not genuine or authentic; |

| | | | |
|---|---|---|---|
| | | | constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| | 22. | Self-Serve and Full-Service Warehouse Layout | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| | 23. | U.S. Retail Store Risk & Compliance Operations Manual | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| | 24. | Standard Operating Procedures for Supply Chain Security | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal |

| | | | |
|---|---|---|---|
| 1 | | | Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| | 25. | Safety & Security Manual – Retail | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| | 26. | Five (5) Photographs of the Subject Boxes Taken on June 27, 2019 | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| | 27. | Plaintiff's Complaint | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |

| | | |
|---|---|---|
| 28. | Defendant's Answer to Plaintiff's Complaint | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 29. | National Safety Council (2000). *Accident Prevention Manual for Business and Industry, 14th Edition* | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 30. | Expert Impeachment File for Jeffrey Wang, M.D. | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 31. | Computation of Damages | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; violative of the best evidence rule, are not relevant, and are inadmissible |

| | | | |
|---|---|---|---|
| | | | for any other reason set forth within the statutory and/or Federal Rules of Evidence in Nevada, or any other Nevada law. Defendants further object to the extent that this/these documents are excluded by any motion in limine. |
| 32. | Curriculum Vitae, Fee Schedule and Testimony List for Gary White | | |
| 33. | Gary White's Initial Expert Report dated March 2022 | | |
| 34. | Gary Whites First Supplemental Expert Report dated May 7, 2022 | | |
| 35. | Gary Whites Second Supplemental Expert Report dated July 19, 2022 | | |
| 36. | Curriculum Vitae, Fee Schedule and Testimony List for Eric Brimhall, MD. | | |
| 37. | Curriculum Vitae, Fee Schedule and Testimony List for Suart Kaplan MD. | | |
| 38. | Curriculum Vitae, Fee Schedule and Testimony List for Jason Garber, MD | | |
| 39. | Deposition Transcript of Austin Bickel | | |

**Plaintiff's Use of Demonstrative Exhibits:**

Plaintiff may offer, at trial, certain Exhibits for demonstrative purposes including, but not limited to the following:

1. Demonstrative and charts relating to Plaintiff's damage claims;

2. Story board and computer digitized power point images;

3. Blow-ups/transparencies/digitized images of various records; and

4. Plaintiff reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of demonstration at trial. Additionally, Plaintiff reserves the right to offer into evidence any exhibit offered by any other parties to this action.

**Plaintiff's will offer the following depositions:**

| Deponent | Deposition Date | Pages & Lines |
|---|---|---|
| Austin Bickel | April 22, 2022 | N/A |
| FRCP 30(b)(6) Designee of Defendant IKEA | June 7, 2022 | N/A |

**No.:**   **Defendant's Exhibits:**

| Exhibit | Description | Plaintiff's Objection |
|---|---|---|
| 4. | IKEA000883-1292; Ikea U.S. Retail Store Risk & Compliance Operations Manual | |
| 5. | IKEA001293-1319; Ikea Secure It Guidelines | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; are not relevant, and are inadmissible for any other reason set forth within the statutory Federal Rules of Evidence, or any other Nevada law. Plaintiff further objects to the extent that this/these documents are excluded by any motions in limine. |
| 6. | IKEA001320-1517; Ikea Safety in Goods Handling | |
| 7. | IKEA001518-1695; Ikea Safety Security Manual | |
| 8. | Curriculum Vitae, Fee Schedule and Testimony List for Dr. Wang | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; are not relevant, and are inadmissible for any other reason set forth within the statutory Federal Rules of Evidence, or any other Nevada law. Plaintiff further objects to the extent that this/these documents are excluded by any motions in limine. |
| 9. | Comprehensive Medical Examination dated March 18, 2022 by Dr. Wang | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; are not relevant, and are inadmissible for any other reason set forth within the statutory Federal Rules of Evidence, or any other Nevada law. Plaintiff further objects to the extent that this/these documents are excluded by any motions in limine. |
| 10. | IKEA000001-IKEA000015 Las Vegas Neurosurgical Institute Center Billing Records <br><br> Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff | |

| | | | |
|---|---|---|---|
| 1<br>2 | | does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 3<br>4<br>5<br>6<br>7<br>8<br>9 | 11. | IKEA000016-IKEA000033 Las Vegas Radiology Billing Records<br><br><br>Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 10<br>11<br>12<br>13<br>14<br>15<br>16 | 12. | IKEA000034-IKEA000072 Las Vegas Urology Medical Records<br><br><br>Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; are not relevant, and are inadmissible for any other reason set forth within the statutory Federal Rules of Evidence, or any other Nevada law. Plaintiff further objects to the extent that this/these documents are excluded by any motions in limine. |
| 17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | 13. | IKEA000073-IKEA000207 Legacy Urgent Care Billing and Medical Records<br><br><br>Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; are not relevant, and are inadmissible for any other reason set forth within the statutory Federal Rules of Evidence, or any other Nevada law. Plaintiff further objects to the extent that this/these documents are excluded by any motions in limine. |
| 25<br>26<br>27<br>28 | 14. | IKEA000208-IKEA000227 QHR Pharmacy Records<br><br><br>Defendant does not intend to introduce | |

| | | | |
|---|---|---|---|
| 15. | | Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 15. | | IKEA000228-IKEA000400 Sahara Surgery Center Billing and Medical Records<br><br><br><br>Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 16. | | IKEA000401-IKEA000549 Timothy Soder Physical Therapy Medical Records<br><br><br><br>Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | inadmissible, lack foundation, is/are not genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; are not relevant, and are inadmissible for any other reason set forth within the statutory Federal Rules of Evidence, or any other Nevada law. Plaintiff further objects to the extent that this/these documents are excluded by any motions in limine. |
| 17. | | IKEA000550-IKEA000650 Western Regional Center for Brain & Spine Surgery Billing and Medical Records<br><br><br><br>Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records | |

| | | | |
|---|---|---|---|
| 1 | | for foundation, expert testimony, and impeachment | |
| 2 | 18. | Innovative Pain Care Center bate stamped MED000001-142 | |
| 3 | | | |
| 4 | | | |
| 5 | | Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | 19. | Kelly Hawkins Physical Therapy bate stamped MED0000143-205 | |
| 10 | | | |
| 11 | | | |
| 12 | | Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | 20. | Las Vegas Neurosurgical Institute bate stamped MED000206-223 | |
| 18 | | | |
| 19 | | Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | 21. | Pueblo Medical Imaging bate stamped MED000224-261 | |
| 25 | | | |
| 26 | | Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does | |
| 27 | | | |
| 28 | | | |

| | | |
|---|---|---|
| | so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 22. | QHR Pharmacy bate stamped MED000262-298<br><br>Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 23. | Timothy Soder Physical Therapy bate stamped MED000299-317<br><br>Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 24. | Western Regional Center for Brain and Spine Surgery bate stamped MED000318-328<br><br>Defendant does not intend to introduce Plaintiff's medical records at trial unless and until Plaintiff is able to meet the burden for admissibility; if Plaintiff does so, Defendant reserves the right to use any and all admissible medical records for foundation, expert testimony, and impeachment | |
| 25. | Demonstrative exhibits, including: | inadmissible, lack foundation, is/are not |

| | | | |
|---|---|---|---|
| | | 1. Power point images, blowups and transparencies of exhibits.<br>2. Models of various parts of the human body.<br>3. Diagrams, drawings, pictures, photos, film, video, DVDE and CD ROM of various parts of the human body, diagnostic tests and surgical procedures.<br>4. Exemplars, models, or pictures of the surgical hardware/implantation devices used or expected to be used in the care and treatment of Plaintiff.<br>5. Power point images, drawings, diagrams, animations, story boards of the incident, the location of the incident.<br>6. Power point images and blowups of deposition transcripts, discovery responses, and jury instructions.<br>7. Maps, diagrams or models of the scene of the incident that is the subject of this litigation. | genuine or authentic; constitute inadmissible hearsay; are unduly prejudicial; are not relevant, and are inadmissible for any other reason set forth within the statutory Federal Rules of Evidence, or any other Nevada law. Plaintiff further objects to the extent that this/these documents are excluded by any motions in limine. |

**Defendant's will offer the following depositions:**

| Deponent | Deposition Date | Pages & Lines |
|---|---|---|
| Michael Mackenzie | June 2, 2022 | N/A |
| Heather Vorce | June 22,2022 | N/A |
| Eric Brimhall, MD | August 16, 2022 | N/A |

Defendants incorporate any and all documents produced by Plaintiffs and all other parties to this action, now and in the future by way of cross examination and/or rebuttal, subject to objection. Defendants incorporate any and all documents or exhibits used by experts that they have reviewed and relied upon to form their opinions.

Defendants reserve the right to object to any of Plaintiffs' exhibits, to call any witnesses named by Plaintiffs, to supplement their list of exhibits up and until the time of trial, including any

demonstrative exhibits.

Defendants object to any witnesses or document identified by Plaintiffs which should be excluded on the basis that they have not been produced, are not related or highly prejudicial or lack foundation, or any other possible objections.

Defendant reserves the right to use any discovery responses and/or deposition testimony and/or deposition exhibits for impeachment and/or substantively as party admissions, as may be relevant at trial. Defendant reserves the right to use demonstrative evidence. Defendant also reserves the right to use any exhibit listed or introduced by Plaintiff, or as previously produced by the parties.

The parties reserve any all-evidentiary objections for trial. The parties reserve the right to object to the admissibility of trial exhibits on the basis of foundation, authenticity, hearsay, and relevance. The parties further reserve the right to object to any exhibit being offered by each side which has not been previously produced during the normal course of discovery proceedings, or pursuant to stipulation and agreement of the parties. The parties also reserve any and all evidentiary objections for trial.

In addition, neither inclusion of any documents within this disclosure made pursuant to FRCP 26, nor acceptance of documents provided by any other party hereto in a disclosure made pursuant to FRCP 26, shall be deemed as a waiver by these Defendants of any evidentiary rights they may have with respect to those documents, including, but not limited to, objections related to authenticity, materiality, relevance, foundation, hearsay, or any other right as may be permitted pursuant to the Federal Rules of Evidence.

**Electronic evidence:** The parties intend to offer and present evidence in electronic format to jurors for purposes of jury deliberations pursuant to Local Rule 16-3(b)(9) and will contact the court administrator for instructions on how to prepare evidence in electronic format and for any other requirements set by the court.

**Depositions:** Defendant does not intend at this time to offer page and line designations for any deposition transcripts. In the event Defendant learns that a witness is unavailable to testify at trial, Defendant will notify all parties and the Court of page and line designations of the unavailable witness's deposition transcript to offer at trial. Defendant reserves the right to use all depositions which have been conducted in this action to refresh recollection and/or to impeach a witness, and otherwise use at trial in accordance with the applicable rules, *i.e.*, Fed. R. Civ. P. 32; Fed. R. Evid. 801(d).

**The following witnesses may be called by the parties at trial:**

**No.:   Plaintiff's Witnesses:**

**FACT & PERCIPIENT WITNESSES:**

1.   MICHAEL MACKENZIE
     c/o THE702FIRM
     400 South 7th Street, Suite 400
     Las Vegas, NV 89101
     (702) 776-3333

2.   IKEA US RETAIL, LLC fka IKEA U.S. WEST, INC.
     c/o OLSON CANNON GORMLEY & STOBERSKI
     9950 West Cheyenne Avenue
     Las Vegas, NV 89129
     (702) 384-4012

3.   Austin Bickel
     IKEA US RETAIL, LLC fka IKEA U.S. WEST, INC.
     c/o OLSON CANNON GORMLEY & STOBERSKI
     9950 West Cheyenne Avenue
     Las Vegas, NV 89129
     (702) 384-4012

4.   Heather Vorce
     3062 Scenic Rhyme Avenue
     Henderson, NV 89044
     (702) 861-3715

5.   Christine Jason
     7426 Elderberry St.
     San Antonio, TX 78240
     (253) 212-2324

**PLAINTIFF'S MEDICAL PROVIDERS – Fed. R. Civ. P. 30(B)(6) REPRESENTATIVES AND/OR DESIGNEES**

    1.    Michael F. Schlaack, M.D. and/or
Treating Physicians and/or
Treating Nurses and/or
Person Most Knowledgeable and/or
Custodian of Records
Quest Diagnostics
PO Box 30584
Tampa, FL 33630
866.697.8378

    2.    Dean Yarbro, M.D., and/or
Treating Physicians and/or
Treating Nurses and/or
Person Most Knowledgeable and/or
Custodian of Records
Legacy Urgent Care
105 N. Pecos Rd, Ste 111
Henderson, NV 89074
702.263.4555

    3.    Karlo Arciaga PT, and/or
Treating Physicians and/or
Treating Nurses and/or
Person Most Knowledgeable and/or
Custodian of Records
Timothy Soder Physical Therapy
2779 W Horizon Ridge Pkwy, Ste 10
Henderson, NV 89052
702.897.1222

    4.    Michael Stellmacher, M.D. and/or
Michael Schlaack, M.D. and/or
Eric Brimhall, M.D. and/or
Treating Physicians and/or
Treating Nurses and/or
Person Most Knowledgeable and/or
Custodian of Records
QHR Pharmacy
7512 Westcliff Drive
Las Vegas, NV 891545
702.331.6388

    5.    Michael Scott, PA-C, and/or
Treating Physicians and/or
Treating Nurses and/or

Person Most Knowledgeable and/or
Custodian of Records
Innovative Pain Care Center
9065 S. Pecos Rd, Ste 230
Henderson, NV 89074
702.684.7246

6. David T. Wang, D.O. and/or
Bhuvana P. Kittusamy, M.D. and/or
Treating Physicians and/or
Treating Nurses and/or
Person Most Knowledgeable and/or
Custodian of Records
Las Vegas Radiology
7500 Smoke Ranch Road
Las Vegas, NV 89146
702.254.5004

7. Treating Physicians and/or
Treating Nurses and/or
Person Most Knowledgeable and/or
Custodian of Records
Key Health Medical Solutions, Inc./Kelly Hawkins
L-4034
Columbus, OH 43260
818.575.5300

8. Treating Physicians and/or
Treating Nurses and/or
Person Most Knowledgeable and/or
Custodian of Records
Kelly Hawkins Physical Therapy
8975 S. Pecos Rd, Ste 7A
Henderson, NV 890874
800.929.4776

9. Stuart S. Kaplan, M.D., and/or
Treating Physicians and/or
Treating Nurses and/or
Person Most Knowledgeable and/or
Custodian of Records
Western Regional Center for Brain and Spine Surgery
3012 S Durango Drive
Las Vegas, NV 89117
702.835.0088

/ / /

/ / /

10.    Eric J. Brimhall, M.D., and/or
Treating Physicians and/or
Treating Nurses and/or
Person Most Knowledgeable and/or
Custodian of Records
Sahara Surgery Center
2401 Paseo Del Prado
Las Vegas, NV 89102
702.362.7874

11.    Jason Garber, M.D., and/or
Treating Physicians and/or
Treating Nurses and/or
Person Most Knowledgeable and/or
Custodian of Records
Las Vegas Neurosurgical Institute
3012 South Durango
Las Vegas, NV 89117
702.835.0088

**EXPERT WITNESS:**

1.    Gary White
10 Lake Como Court
Rancho Mirage, CA 92270
949-697-1500

**No.:**    **Defendant's Witnesses:**

1.  Michael Mackenzie
c/o The702Firm
400 South 7th Street, Suite 400
Las Vegas, NV 89101
(702) 776-3333

2.  30(b)(6) Representative(s) and/or Charlotte Mireles
Ikea U.S. Retail, LLC fka Ikea U.S. West, Inc.
c/o Olson Cannon Gormley & Stoberski
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012

3.  Austin Bickel
c/o Olson Cannon Gormley & Stoberski
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012

4. Jeffrey C. Wang, M.D.
   Chief, Orthopaedic Spine Service
   Co-Director USC Spine Center
   Professor of Orthopaedic Surgery and Neurosurgery
   USC Spine Center
   1450 San Pablo St., Suite 5400
   Los Angeles, CA 90033
   Tel.: (323)442-5303

In the instance that this matter does not resolve at mediation currently scheduled to take place on Thursday, November 3, 2022, the parties agree that the witness and exhibit list may be amended as required before trial.

The parties reserve the right to use any witnesses listed by any other party to this litigation.

The parties further reserve the right to name and list any witnesses deemed necessary for rebuttal and/or impeachment purposes.

## VIII.  TRIAL DATE

Counsel have met and herewith submit a list of (3) agreed-upon trial dates:

1.    The week of January 9, 2023;

2.    The week of January 16, 2023; or

3.    The week of January 23, 2023

It is expressly understood by the undersigned that the Court will set a trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

/ / /

/ / /

/ / /

**ESTIMATED LENGTH OF TRIAL**

It is estimated that the trial will take a total of 3-5 days.

| THE702FIRM INJURY ATTORNEYS | OLSON CANNON GORMLEY & STOBERSKI |
|---|---|
| /s/  Zach Livingston<br>_____ 11/2/2022<br>MICHAEL C. KANE. ESQ.<br>Nevada Bar No.: 10096<br>BRADLEY J. MYERS, ESQ.<br>Nevada Bar No.: 8857<br>ZACHARY W. LIVINGSTON, ESQ.<br>Nevada Bar No.: 15954<br>400 S. 7th Street, 4th Floor<br>Las Vegas, Nevada 89101<br>Telephone:     (702) 776-3333<br>Facsimile:     (702) 505-9787<br>**E-Mail:**     *service@the702firm.com*<br>Attorneys for Plaintiff | /s/  Stephanie Zinna<br>_____ 11/2/2022<br>JAMES R. OLSON, ESQ.<br>Nevada Bar No.:<br>STEPHANIE ZINNA, ESQ.<br>Nevada Bar No.:<br>9950 W Cheyenne Ave<br>Las Vegas, NV 89129<br>Telephone:     (702)<br>Facsimile:     (702)<br>**E-Mail:**<br>Attorneys for Defendants IKEA US RETAIL, LLC FKA IKEA U.S. WEST, INC. |

**ACTION BY THE COURT**

This case is set for court/jury trial on the fixed/stacked calendar on **January 23, 2023 at 9:00 a.m.**

The Calendar call will be held on **January 18, 2023, at 1:00 p.m.**

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED: ___December 28, 2022___.

_____
UNITED STATES DISTRICT JUDGE

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on the 2 day of November, 2022, I caused service of a true and correct

3   copy of the foregoing **JOINT PRE-TRIAL ORDER** to be made through the CM/ECF system of

4   the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first

5   class, postage pre-paid), upon the following:

6
   James R. Olson, Esq.
7   Stephanie Zinna, Esq.
   **OLSON CANNON GORMLEY & STOBERSKI**
8   9950 W Cheyenne Ave
   Las Vegas, NV 89129
9   Attorneys for Defendants IKEA US RETAIL, LLC FKA IKEA U.S. WEST, INC.

10

11
    | CM/ECF:  ____X_____ | U.S. Mail:  _____ | Facsimile:  _____
12   |                        |                        | 702-383-0701

13

14
                                   /s/ Gloria L. Pacheco
15                      _____

16                                   An Employee of THE702FIRM

17

18

19

20

21

22

23

24

25

26

27

28

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th Street #400
LAS VEGAS, NEVADA  89101
PHONE: (702) 776-3333